FILED
2023 Mar-14 PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DELIA ANN MCGEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: _____** |
| | ) | |
| **INSTANT BRANDS, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, **DELIA ANN MCGEE**, (hereafter referred to as "Plaintiff"), by and through their undersigned counsel, **JOHNSON BECKER, PLLC** and **HENINGER GARRISON DAVIS, LLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **INSTANT BRANDS, INC.** (hereafter referred to as "Defendant Instant Brands," and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.   Defendant Instant Brands designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Instant Pot IP-LUX Electric Pressure Cooker," which specifically includes the IP-LUX80 (referred to hereafter as "pressure cooker(s)" or "Subject Pressure Cooker") that is at issue in this case.

2.      Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while the units retain pressure.[2] Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3.      Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case sustained serious and substantial bodily injuries and damages when the lid of the pressure cooker was able to be rotated, opened, or removed while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4.      Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5.      Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

---

[1]  *See generally.* Instant Pot IP-LUX80 User Manual.  A copy of the User Manual is attached hereto as "Exhibit A."
[2] *Id.* at pg. 21.

6.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF DELIA ANN MCGEE

7.      Plaintiff is a resident and citizen of the City of Bessemer, County of Jefferson, State of Alabama.  Plaintiff therefore is a resident and citizen of the State of Alabama for purposes of diversity pursuant to 28 U.S.C. § 1332.

8.      On or about March 21, 2021, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms,"[3] which purport to keep the consumer safe while using the pressure cooker.  In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### DEFENDANT INSTANT BRANDS, INC.

9.      Defendant designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

10.     Defendant boasts that "cooking with Instant Brands is everyday magic,"[4] and that their products are "all designed to simplify the joys of home cooking, promote healthy lifestyles, and

---

[3] *See* "10 Safety Mechanisms – DUO, DUO PLUS, LUX, NOVA PLUS AND VIVA," https://www.instanthome.com/support/instant/resources (last accessed March 7, 2023).
[4] *See* https://www.instanthome.com/about-us (last accessed March 7, 2023)

give you more time to enjoy great meals with the people you love."[5]

11.     Defendant Instant Brands is a Delaware corporation with its principal place of business located at 3025 Highland Parkway, Downers Grove, IL 60515, and as such is deemed a citizen of both the State of Illinois and the State of Delaware.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Alabama and intentionally availed itself of the markets within Alabama through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15.     Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

16.     Defendant aggressively warrants, markets, advertises, and sells its pressure cookers as "[e]asy to use, easy to clean, fast, versatile, and convenient"[6] and repeatedly boasts about its pressure cookers' purported "safety mechanisms" which purport "to eliminate many common errors which may cause harm or spoil food."[7]

---

[5] *Id.*
[6] *See* https://www.instanthome.com/product/instant-pot/duo/8-quart-multi-use-pressure-cooker-v4  (last accessed November 16, 2022).
[7] *See* "10 Safety Mechanisms – DUO, DUO PLUS, LUX, NOVA PLUS AND VIVA," https://www.instanthome.com/support/instant/resources (last accessed March 7, 2023).

17.     For instance, the Defendant claims of the IP-LUX80 that "[a]s a safety feature, until the float valve drops down the lid is locked and cannot be opened,"[8] indicating that the consumer should not be able to open the lid until all pressure has been released and the unit is safe to open.

18.     To further propagate its message, Defendant has used, and continues to utilize, numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers.  For example, the following can be found on Defendant's YouTube webpage entitled "Getting to Know Your Knew Instant Pot IP-DUO":

      a.     "The first thing you need to know about your IP-DUO is that **you don't need to be afraid of it**, as many people are afraid of stovetop pressure cookers."[9]

      b.     "With 10 safety features built in, you can use your Instant Pot with confidence, **knowing that it is not going to explode**."[10]

      c.     "In addition, keep in mind that your Instant Pot operates at relatively low pressures of 11 to 12 psi or lower, depending on the pressure setting that you use."[11]

19.     In a similar video entitled "Introducing Instant Pot IP-DUO series electric pressure cooker," spokesperson Laura Pazzaglia, founder of the website "Hip Pressure Cooking"[12] boasts of the pressure cooker's "10 safety features," stating that this "new model detects the position of the lid" and "once the lid is locked, and the contents are under pressure, **there's no way to open the pressure cooker**."[13]

---

[8] *See* Instant Pot IP-LUX80 User Manual, pg. 21.
[9] https://www.youtube.com/watch?v=w1RKj9E8TY0 (video with a runtime of 11:26) at 0:42-0:46 (last accessed March 7, 2023).
[10] *Id*. at 0:47 – 0:55.
[11] *Id*. at 0:56 – 1:08.  This apparently suggest that even if the lid is opened while the unit is still pressurized, it will not harm you.
[12] *See* https://www.hippressurecooking.com/ (last accessed March 7, 2023)
[13] https://www.youtube.com/watch?v=bVA2EqPf0s0 (video with a runtime of 8:30) (last accessed March 7, 2023).

20.     According to the User's Manual accompanying each individual unit sold, the pressure cookers purportedly possess features which prevent the unit's lid from being opened while the unit is under pressure,[14] misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

21.     By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22.     Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

23.     However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

24.     Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25.     Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

26.     Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

---

[14] *See* Instant Pot IP-LUX80 User Manual, pg. 21.

27.     Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.  Nevertheless, Defendant continues to ignore and/or conceal their knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers, demonstrating a callous, reckless, willful, and depraved indifference to the health, safety, and welfare of Plaintiff and others like her.

28.     As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

29.     Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE AS TO AS TO INSTANT BRANDS, INC.
### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

30.     Plaintiff incorporates by reference each preceding and succeeding paragraphs as though set forth fully at length herein.

31.     Defendant Instant Brands designed, manufactured, sold, distributed, marketed, and supplied the Subject Pressure Cooker, which was designed in a defective condition; defectively manufactured; contained inadequate and incomplete warnings for foreseeable consumers and users; and were otherwise unreasonably dangerous for its intended use by foreseeable consumers, including Plaintiff.

32.     The Subject Pressure Cooker was unreasonably dangerous in design and manufacture due to the lid of the pressure cooker being removable with built-up pressure, heat, and steam still inside the unit.

33.     Defendant Instant Brands failed to act reasonably in choosing a design of the Subject Pressure Cooker that did not prevent the lid from being removed while still pressurized.

34.     Defendant Instant Brands could have used a safer alternative design to prevent the lid from being removed while still pressurized.

35.     At the time the Subject Pressure Cookers were manufactured and sold by Defendant Instant Brands they were defective, unsafe, and unreasonably dangerous for their intended and foreseeable use(s) by consumers, including Plaintiff, due to these manufacturing defects or omissions by Defendant.

36.     The manufacturing defects of the Subject Pressure Cooker allowed the lid of the pressure cooker to be removed with built-up pressure, heat and steam still inside the unit, leading to serious personal injuries like those described herein in this Complaint.

37.     Defendant Instant Brands failed to conduct adequate safety testing and inspection of the Subject Pressure Cooker.

38.     The Subject Pressure Cooker did not contain adequate warnings or instructions for use, making it defective and unreasonably dangerous to consumers and foreseeable users of the Subject Pressure Cooker, including Plaintiff.

39.     Defendant Instant Brands failed to warn foreseeable users and consumers, including Plaintiff, of any specific risk of harm, including that the Subject Pressure Cooker could suddenly and unexpectedly explosively separate from the unit during its normal directed use.

40.     The Subject Pressure Cooker was expected to reach and did reach the intended consumers, including Plaintiff, without substantial change in the condition in which it was sold.

41.     A reasonable consumer, including Plaintiff, would not have reason to expect that the lid of the Subject Pressure Cooker could suddenly and unexpectedly explosively separate from the unit during its normal directed use.

42.     Plaintiff did not misuse or materially alter the Subject Pressure Cooker and is unaware as to how she could have avoided the incident.

43.     At the time they were sold, Defendant Instant Brands knew or should have known that the lid on the Subject Pressure Cookers could suddenly and unexpectedly explosively separate from the unit during its normal directed use.

44.     The design and manufacturing defects contained within the Subject Pressure Cooker, as well as Defendant Instant Brands inadequate warnings and instructions for the use of the Subject Pressure Cooker, were the proximate causes of, directly resulted in, and/or substantially contributed to the injuries sustained by Plaintiff and her resulting damages, for which the Defendants in this case are liable.

45.     By reason of the foregoing, Plaintiff demands judgment against Defendant Instant Brands for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other and further relief as the Court deems proper.

## COUNT TWO AS TO INSTANT BRANDS, INC.
### NEGLIGENCE/WANTONNESS

46.     Plaintiff incorporates by reference each preceding and succeeding paragraphs as though set forth fully at length herein.

47.     Defendant Instant Brands had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

48.     Defendant Instant Brands failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

49.     Defendant Instant Brands was negligent in the design, manufacture, advertising, warning, marketing, and sale of its pressure cookers in that, among other things, it:

      a.   Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

      b.   Placed an unsafe product into the stream of commerce;

      c.   Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

      d.   Were otherwise careless or negligent.

50.     Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public (and continues to do so).

51.     By reason of the foregoing, Plaintiff demands judgment against Defendant Instant Brands for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other and further relief as the Court deems proper.

**COUNT THREE AS TO INSTANT BRANDS, INC.**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

52.     Plaintiff incorporates by reference each preceding and succeeding paragraphs as though set forth fully at length herein.

53.     Defendant Instant Brands manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

54.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

55.     Defendant's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

56.     The Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective, and safe means of cooking.

57.     Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

58.     By reason of the foregoing, Plaintiff demands judgment against Defendant Instant Brands for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other and further relief as the Court deems proper.

## COUNT FOUR AS TO INSTANT BRANDS, INC.
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

59.     Plaintiff incorporates by reference each preceding and succeeding paragraphs as though set forth fully at length herein.

60.     At the time Defendant Instant Brands marketed, distributed, and sold their pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

61.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

62.      Defendant's pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

63.      Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

64.      Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiffs' injury and damages

65.      By reason of the foregoing, Plaintiff demands judgment against Defendant Instant Brands for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other and further relief as the Court deems proper.

## INJURIES & DAMAGES

66.      As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident on or about March 21, 2021. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

67.      As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident on or about March 21, 2021. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

68.      As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment, as well as other expenses, as a result of

the severe burns she suffered as a result of the incident on or about March 21, 2021. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses, and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. exemplary, punitive, and treble damages on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case;

f. an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

## DEMAND FOR JURY DEMAND

Plaintiff demands a trial by jury on all counts and as to all issues.

Respectfully submitted,

13

Dated: <u>March 13, 2023</u>                    **HENINGER GARRISON DAVIS, LLC**

By: <u>/s/ William L. Bross</u>
   William L. Bross 9703-O71W
   2224 1st Avenue N.
   Birmingham, AL 35203
   Telephone: (205) 326-3336
   Fax: (205) 380-8072
   Email: william@hgdlawfirm.com

***In association with*:**

**JOHNSON BECKER, PLLC**

Michael K. Johnson, Esq. (MN #0258696)
*Pro Hac Vice to be filed*
Adam J. Kress, Esq.  (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email:   mjohnson@johnsonbecker.com
       akress@johnsonbecker.com
       arick@johnsonbecker.com

***ATTORNEYS FOR PLAINTIFF***

# EXHIBIT A

Instant Pot User Manual Models: IP-LUX Series